'08 CIV 4190

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------

JOSEPH GRAHAM,

                                             Plaintiff,

            -against-

CITY OF NEW YORK and JOHN and JANE DOE 1
Through 10, individually and in their official capacities,
(the names John and Jane Doe being fictitious, as the true
names are presently unknown),

                                             Defendants,

------------------------------------------------------------------------------X

**COMPLAINT**

Index No.:

Jury Trial Demanded

        Plaintiff, JOSEPH GRAHAM, by his attorneys, Leventhal & Klein, LLP, complaining of

the defendants, respectfully alleges as follows:

### Preliminary Statement

        1.        Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the States of New York and the United

States.  Plaintiff also asserts supplemental state law claims.

### JURISDICTION

        2.        This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

        3.        Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

        4.        Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.    Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.    Plaintiff is a citizen of the United States, and at all relevant times was a resident of Bronx County, in the City and State of New York.

7.    Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.    Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9.    That at all times hereinafter mentioned, the individually named defendants JOHN and JANE DOE 1 Through 10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the States or City New York.

11.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

2

12.     Each and all of the acts of the defendant alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13.     On August 16, 2006, at approximately 6:40 a.m., plaintiff JOSEPH GRAHAM was lawfully present at his home located at 804 Jackson Avenue, Bronx, New York. At that time and place, JOSEPH GRAHAM was falsely arrested at said location by New York City Police Officers, the City of New York, its agents, employees, supervisors, and officers, who, acting under color of law, arrested plaintiff for an alleged crime that occurred on or about April 4, 2006, notwithstanding that he committed no crime whatsoever, either in the officers' presence or otherwise, and despite the fact that they knew probable cause was lacking. Notwithstanding, plaintiff was thereafter unlawfully imprisoned, taken to an NYPD facility where he was booked on false charges, and then arraigned before a Criminal Court Judge and remanded to the custody of the New York City Department of Correction.

14.     Plaintiff remained imprisoned by defendants until on or about May 2, 2007, when he was acquitted after trial of all purported charges in New York County Supreme Court.

15.     The police officers involved in the incident were improperly screened, hired, trained, supervised, disciplined, and retained by the City of New York.

16.     As a result of the foregoing, plaintiff JOSEPH GRAHAM sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

3

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights under 42 U.S.C. § 1983)

17.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "16" with the same force and effect as if fully set forth herein.

18.     All of the aforementioned acts of defendants, their agents, servants and employee were carried out under the color of state law.

19.     All of the aforementioned acts deprived plaintiff JOSEPH GRAHAM of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

20.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

21.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

22.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

23.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

4

paragraphs numbered "1" through "22" with the same force and effect as if fully set forth herein.

24.    The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

25.    As a result of the foregoing, plaintiff JOSEPH GRAHAM was deprived of his right to substantive due process, causing severe and permanent emotional and physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

26.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27.    Defendants arrested plaintiff JOSEPH GRAHAM without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

28.    Defendants caused plaintiff JOSEPH GRAHAM to be falsely arrested.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983)

29.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

30.    Defendants maliciously commenced and continued criminal proceedings against plaintiff JOSEPH GRAHAM without probable cause.  Said proceedings were subsequently dismissed and sealed.

31.    Defendants caused plaintiff JOSEPH GRAHAM to be maliciously prosecuted.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

32.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.    Defendants had an affirmative duty to intervene on behalf of plaintiff JOSEPH GRAHAM, whose constitutional rights were being violated in their presence by other officers.

34.    The defendants failed to intervene to prevent the unlawful conduct described herein.

35.    As a result of the foregoing, plaintiff JOSEPH GRAHAM was subjected to unlawful and excessive force.    Further, plaintiff sustained severe and permanent physical injuries.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

36.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

38.    The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff JOSEPH GRAHAM'S rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF

Case 1:08-cv-04190-LAP    Document 1    Filed 05/01/2008    Page 7 of 13

NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

39.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff JOSEPH GRAHAM.

40.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JOSEPH GRAHAM as alleged herein.

41.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff JOSEPH GRAHAM as alleged herein.

42.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff JOSEPH GRAHAM was unlawfully arrested and subjected to tight handcuffing.

43.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JOSEPH GRAHAM'S constitutional rights.

44.    All of the foregoing acts by defendants deprived plaintiff JOSEPH GRAHAM of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from false arrest;

    C.    To be free from malicious prosecution;

    D.    To be free from the failure to intervene.

7

45.    As a result of the foregoing, plaintiff JOSEPH GRAHAM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

46.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.    Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

48.    The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

49.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

50.    Plaintiff has complied with all conditions precedent to maintaining the instant action.

51.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under the laws of the State of New York)

52.    Plaintiff repeats, repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

8

53.    The defendants arrested plaintiff JOSEPH GRAHAM without probable cause.

54.    Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

55.    As a result of the aforementioned conduct, plaintiff JOSEPH GRAHAM suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Malicious Prosecution under the laws of the State of New York)

56.    Plaintiff repeats, repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.    The defendants maliciously commenced and continued criminal proceedings against JOSEPH GRAHAM without probable cause.

58.    Plaintiff was forced to hire an attorney and to appear in court until said proceedings were dismissed and sealed.

59.    As a result of the aforementioned conduct, plaintiff JOSEPH GRAHAM suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

60.    Plaintiff repeats, reiterates and each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

62.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

63.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

64.     The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff JOSEPH GRAHAM.

65.     As a result of the aforementioned conduct, plaintiff JOSEPH GRAHAM suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York)

66.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.     Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff JOSEPH GRAHAM.

68.     Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York)

69.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.     Upon information and belief the defendant City of New York failed to use

10

reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff JOSEPH GRAHAM.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

71.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.    Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

73.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74.    Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

75.    As a result of the foregoing, plaintiff JOSEPH GRAHAM is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

11

**WHEREFORE,** plaintiff JOSEPH GRAHAM demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C ) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       April 21, 2008

                        LEVENTHAL & KLEIN, LLP
                        45 Main Street, Suite 230
                        Brooklyn, New York 11201
                        (718) 722-4100

                        By: _____
                             BRETT H. KLEIN

                        Attorneys for Plaintiff JOSEPH GRAHAM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JOSEPH GRAHAM,

                                        Plaintiff,

     -against-

CITY OF NEW YORK, and JOHN and JANE DOE 1through
 10, individually and in their official capacities, (the names
John and Jane Doe being fictitious, as the true names are
presently unknown),

                                        Defendants.

-------------------------------------------------------------------------X


## COMPLAINT


LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff JOSEPH GRAHAM
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100