UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

JOSEPH GRAHAM,

                                Plaintiff,     **ANSWER**

               -against-              08 CV 4190 (LAP)

CITY OF NEW YORK, and JOHN and JANE DOE 1     Jury Trial Demanded
Through 10, individually and in their official capacities,
(the names John and Jane Doe being fictitious, as the true
names are presently unknown),

                                Defendants.

------------------------------------------------------------------ x

        Defendant City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

        2.     Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

        3.     Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

        4.     Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to base venue as stated therein.

        5.     Denies the allegations set forth in paragraph "5" of the complaint, except admits that plaintiff purports to demand a trial by jury as stated therein.

        6.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Admits the allegations set forth in paragraph "7" of the complaint.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that the City of New York maintains a police department, and respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City of New York and the New York City Police Department.

9. Denies the allegations set forth in paragraph "9," except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified officers.

10. The allegations set forth in paragraph "10" of the complaint contain legal conclusions rather than averments of fact to which no response is required.

11. The allegations set forth in paragraph "11" of the complaint contain legal conclusions rather than averments of fact to which no response is required.

12. The allegations set forth in paragraph "12" of the complaint contain legal conclusions rather than averments of fact to which no response is required.

13. Denies the allegations set forth in paragraph "13" of the complaint, except admits that Joseph Graham was arrested, on or about August 16, 2006.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. In response to the allegations set forth in paragraph "17" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "16" inclusive of this answer, as if fully set forth herein.

18. The allegations set forth in paragraph "18" of the complaint contain legal conclusions rather than averments of fact to which no response is required.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. The allegations set forth in paragraph "20" of the complaint contain legal conclusions rather than averments of fact to which no response is required.

21. The allegations set forth in paragraph "21" of the complaint contain legal conclusions rather than averments of fact to which no response is required.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. In response to the allegations set forth in paragraph "23" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "22" inclusive of this answer, as if fully set forth herein.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. In response to the allegations set forth in paragraph "26" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "25" inclusive of this answer, as if fully set forth herein.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. In response to the allegations set forth in paragraph "29" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "28" inclusive of this answer, as if fully set forth herein.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. In response to the allegations set forth in paragraph "32" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "31" inclusive of this answer, as if fully set forth herein.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "35" inclusive of this answer, as if fully set forth herein.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. Denies the allegations set forth in paragraph "44" of the complaint and all subparts thereto.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. In response to the allegations set forth in paragraph "46" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "45" inclusive of this answer, as if fully set forth herein.

47.  Denies the allegations set forth in paragraph "47" of the complaint, except admits that a document purporting to be a Notice of Claim was received in the Comptroller's Office on or about May 16, 2007.

48.  Denies the allegations set forth in paragraph "48" of the complaint, except admits that no payment has been made.

49.  Denies the allegations set forth in paragraph "49" of the complaint, except admits that the complaint in this action was filed on or about May 1, 2008.

50.  Denies the allegations set forth in paragraph "50" of the complaint.

51.  Denies the allegations set forth in paragraph "51" of the complaint.

52.  In response to the allegations set forth in paragraph "52" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "51" inclusive of this answer, as if fully set forth herein.

53.  Denies the allegations set forth in paragraph "53" of the complaint.

54.  Denies the allegations set forth in paragraph "54" of the complaint.

55.  Denies the allegations set forth in paragraph "55" of the complaint.

56.  In response to the allegations set forth in paragraph "56" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "55" inclusive of this answer, as if fully set forth herein.

57.  Denies the allegations set forth in paragraph "57" of the complaint.

58.  Denies the allegations set forth in paragraph "58" of the complaint, except denies or knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether plaintiff hired an attorney.

59.  Denies the allegations set forth in paragraph "59" of the complaint.

60. In response to the allegations set forth in paragraph "60" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "59" inclusive of this answer, as if fully set forth herein.

61. Denies the allegations set forth in paragraph "61" of the complaint.

62. Denies the allegations set forth in paragraph "62" of the complaint.

63. Denies the allegations set forth in paragraph "63" of the complaint.

64. Denies the allegations set forth in paragraph "64" of the complaint.

65. Denies the allegations set forth in paragraph "65" of the complaint.

66. In response to the allegations set forth in paragraph "66" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "65" inclusive of this answer, as if fully set forth herein.

67. Denies the allegations set forth in paragraph "67" of the complaint.

68. Denies the allegations set forth in paragraph "68" of the complaint.

69. In response to the allegations set forth in paragraph "69" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "68" inclusive of this answer, as if fully set forth herein.

70. Denies the allegations set forth in paragraph "70" of the complaint.

71. In response to the allegations set forth in paragraph "71" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "70" inclusive of this answer, as if fully set forth herein.

72. Denies the allegations set forth in paragraph "72" of the complaint.

73. In response to the allegations set forth in paragraph "73" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "72" inclusive of this answer, as if fully set forth herein.

74. Denies the allegations set forth in paragraph "74" of the complaint.

75. Denies the allegations set forth in paragraph "75" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

76. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

77. Defendant City of New York has not violated any rights, privileges or immunities secured to plaintiff by the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant City of New York violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

78. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of defendant City of New York.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

79. At all times relevant to the acts alleged in the complaint, the duties and functions of defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

80. Plaintiff cannot obtain punitive damages as against the City of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

81. Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations period.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

82. Plaintiff provoked any incident.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

83. Plaintiff's claims may be barred, in whole or in part, because plaintiffs failed to comply with all conditions precedent to suit.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

84. Plaintiffs' claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

85. The actions of any police officers involved were justified by reasonable suspicion and/or probable cause.

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           August 21, 2008

                                MICHAEL A. CARDOZO
                                Corporation Counsel of the
                                City of New York
                                Attorney for Defendant City of New York
                                100 Church Street, Room 3-189
                                New York, New York 10007
                                (212) 788-0976

By: _____
                Johana Castro (JC 1809)
                Assistant Corporation Counsel

To:     BY ECF
        Brett Klein, Esq.
        Levanthal & Klein LLP
        45 Main Street, Suite 230
        New York, New York 11201

08 CV 4190 (LAP)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| JOSEPH GRAHAM,<br><br>                Plaintiff,<br><br>        -against-<br><br>CITY OF NEW YORK, and JOHN and JANE DOE 1 Through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),<br><br>                Defendants. |
| **ANSWER** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendant City of New York*<br>*100 Church Street*<br>*New York, N.Y. 10007*<br><br>*Of Counsel: Johana Castro*<br>*Tel: (212) 788-0976*<br>*NYCLIS No. 2008-021529* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ............................., 200......*<br><br>*............................................................. Esq.*<br><br>*Attorney for .................................................* |